UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JODA, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:09 CV 1197 CDP |
| | ) |
| ACE NC SYSTEMS, LLC, and | ) |
| VERNON R. REASON, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Defendants Ace NC Systems, LLC and Vernon R. Reason do not have counsel. As explained in previous orders, Ace Systems, LLC cannot represent itself in this matter. *See Carr Enterprises, Inc. v. United States*, 698 F.2d 952, 953 (8th Cir. 1983) ("It is settled law that a corporation may be represented only by licensed counsel."); *DZ Bank AG v. Radoncic Servs., LLC*, 2010 WL 2349094, at *1 (W.D. Mo. June 8, 2010) (same for LLCs). I ordered Ace to have an attorney enter an appearance no later than April 18, but no attorney has entered. Plaintiff has accordingly moved to strike Ace's pleadings, including its counterclaim. Ace has not responded to that motion and the time for doing so has expired. The motion to strike the pleadings will therefore be granted. Ace has also not responded to plaintiff's motion for summary judgment.

Although defendant Reason may represent himself, he has failed to comply with several court orders, including an order that he appear personally at the hearing held on March 19, 2014. [1] He has also failed to respond to plaintiff's motion for summary judgment.

As there is no opposition to the motion for summary judgment, I will accept the facts set out in that motion and its supporting affidavit as having been established. Even though the pleadings of Ace have been stricken, the court will consider the motion for summary judgment on the merits as it is directed to both defendants.

**Uncontested Facts**

The uncontested evidence demonstrates that in October 2006 plaintiff JODA, LLC lent defendant Ace NC Systems, LLC $1,025,000. Defendant Vernon R. Reason, as President of Ace, executed a promissory note in that amount on behalf of Ace in favor of JODA. The note was secured by certain helicopters and by the personal guaranty of Reason. Reason executed a separate Guaranty agreement and also signed the note, in his individual capacity, as an unconditional guarantor of any payments due JODA under the note.

Ace stopped making payments on the note in October of 2007. JODA demanded payment from both Ace and Reason. JODA took legal possession of the

---

[1] Ace likewise failed to have an officer or other representative appear at the March 19 hearing, despite having been specifically ordered to do so.

helicopters, and using its best efforts, sold them for a total of $470,000. The total amount Ace owed JODA as of April 8, 2014 (after giving it credit for payments made before the default and the amount obtained from the sale of the helicopters) is $1,016.370.60. That amount consists of $ 725,513.02 in principal balance, $281,121.79 in interest at the rate agreed to in the contract (5.25% above the U.S. Prime Lending Rate), and a late fee provided in the contract of $9,735.79.

**Discussion**

In ruling on summary judgment, the Court views the facts and inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party has the burden to establish the absence of a genuine issue of material fact and that the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). JODA has met its burden of showing that the facts set out above are uncontested, and it has met its burden of showing that it is entitled to judgment as a matter of law.

Under Missouri law, a plaintiff claiming breach of contract must prove: "(1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff." *Smith Flooring, Inc. v. Penn. Lumbermens*

*Mut. Ins. Co.*, 713 F.3d 933, 941 (8th Cir. 2013). Plaintiff has shown each of those elements. Plaintiff performed the contract by lending Ace the money. Ace breached the contract by failing to pay as required. Reason breached the contracts by failing to pay as required by the guaranty. JODA has been damaged in the amount of $1,016.370.60, and is entitled to judgment in that amount.

Accordingly,

**IT IS HEREBY ORDERED** that JODA's motion for summary judgment [#96] is granted, and JODA shall recover the sum of $1,016.370.60 from defendants, jointly and severally.

**IT IS FURTHER ORDERED** that JODA's motion to strike the pleadings of defendant Ace NC Systems, LLC [#98] is granted, and Ace's pleadings, including its counterclaim, are stricken.

A separate judgment in accord with this order will be entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 29th day of May, 2014.